IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONALD EVERETT NEWTON,<br>    ID # 1299706,<br>        Petitioner,<br>vs.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal<br>Justice, Correctional Institutions Division,<br>        Respondent. | No. 3:19-CV-1366-S-BH<br><br><br>Referred to U.S. Magistrate Judge[1] |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court is a *Petition For A Writ Of Habeas Corpus By A Person In State Custody*, received on June 7, 2019 (doc. 2), and a *Motion for Subrogation and Exoneration Pursuant to 12 USC 95a(2)*, received on January 14, 2020 (doc. 30). Based on the relevant filings and applicable law, the petition and motion should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit as successive.

## I. BACKGROUND

On May 28, 2019, Ronald Everett Newton (Petitioner), a prisoner in the Texas Department of Criminal Justice - Correctional Institutions Division, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2005 conviction in the 283rd Judicial District of Dallas County, Texas for aggravated assault in Cause No. F05-00428-T, for which he received a 25-year sentence. (*See* doc. 2 at 2.)[2] *See* https://offender.tdcj.texas.gov/OffenderSearch/search.action (last visited Jan. 10, 2020). He has also filed a motion seeking, in part, immediate release and

---

[1] By *Special Order 3-251*, this habeas case has been automatically referred for findings, conclusions, and recommendation.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

exoneration. (*See* doc. 30 at 6.)

Petitioner has previously filed several habeas actions challenging his conviction in Cause No. F05-00428-T. *See Newton v. Lorie Davis-Director TDCJ-CID*, 3:17-CV-01673-B-BT (N.D. Tex. July 24, 2018) (habeas corpus petition denied); *Newton v. Stephens, et al.*, No. 3:14-CV-04417-D-BN (N.D. Tex. Feb. 25, 2015) (habeas corpus petition successive); *Newton v. Watkins, et al.*, No. 3:13-CV-00817-N-BF (N.D. Tex Mar. 25, 2013) (habeas corpus petition successive); *Newton v. Thaler, Director TDCJ-CID*, 3:09-CV-00489-G-BN (N.D. Tex. June 25, 2010) (habeas corpus petition denied). He has also filed a civil rights action based on his prosecution in that case. *See Newton v. Watkins, et al.*, 3:12-CV-03397-N (N.D. Tex. Dec. 3, 2012) (complaint dismissed with prejudice until the conditions of *Heck v. Humphrey*, 514 U.S. 477 (1994),were met).

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

A district court cannot exercise jurisdiction over a second or successive § 2254 petition without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). A petition is successive if it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v.*

2

*Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37.  If it essentially represents a second attack on the same conviction raised in the earlier petition, a petition is successive. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[3]  A second petition is not successive if the prior petition was dismissed due to prematurity or for lack of exhaustion, however.  *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies).  Otherwise, "dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

      Here, Petitioner challenges the same conviction that he challenged in a prior federal petition that was denied on its merits. *See Newton v. Thaler, Director TDCJ-CID*, 3:09-CV-00489-G-BN (N.D. Tex. June 25, 2010).  Under *Hardemon* and *Crone*, he was required to present all available claims in that petition.  A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004).  The crucial question in determining availability is whether Petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed

---

[3] Although *Crone* involved a challenge to petitioner's judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

his prior federal petition challenging the same convictions.

Petitioner's federal petition and motion for exoneration are successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in his initial federal petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2).

Because the Fifth Circuit has not issued an order authorizing the district court to consider the successive petition for habeas relief, including the motion for exoneration, this Court lacks jurisdiction over it.

### III. RECOMMENDATION

The petition filed under 28 U.S.C. § 2254 and motion for exoneration should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit under *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED on this 27th day of March, 2020.**

                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                  IRMA CARRILLO RAMIREZ
                                                  UNITED STATES MAGISTRATE JUDGE